1

**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
2
rwasserman@mayallaw.com
3
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
4
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
5
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
6
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**
7

8
**Attorneys for Plaintiff Dorcas-Cothy Kabasele and the Putative Class**

9
**UNITED STATES DISTRICT COURT**

10
**EASTERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **Dorcas-Cothy Kabasele, an individual,** | **Case No.:** |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR** |
| **vs.** | |
| **ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,** | 1. **FAILURE TO PAY OVERTIME** 2. **FAILURE TO PAY SICK PAY** 3. **FAILURE TO PROVIDE MEAL BREAKS** 4. **FAILURE TO PROVIDE REST BREAKS** 5. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| **Defendants.** | 6. **FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT** 7. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
| | **JURY TRIAL DEMANDED** |

12

13

14

15

16

17

18

19

20

21

22

23
Plaintiff Dorcas-Cothy Kabasele brings this class and collective action against ULTA

24
Salon, Cosmetics & Fragrance, Inc., and Does 1 through 100, for violations of the Fair Labor

25
Standards Act, the California Labor Code, the California Business and Professions Code, and the

26
IWC Wage Orders.

27

28

**PARTIES**

1.       Dorcas-Cothy Kabasele ("Ms. Kabasele" or "Plaintiff") was, at all times relevant herein, employed in Contra Costa County, California, and was an "employee" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.       ULTA Salon, Cosmetics & Fragrance, Inc. ("ULTA") is a Delaware corporation with its principal place of business in Illinois and, at all times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable IWC Order(s).

3.       ULTA and Does 1-100 are collectively referred to as Defendants.

4.       Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.       Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

1

2 **JURISDICTION AND VENUE**

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as it includes claims

3 arising under the laws of the United States.  The Court also has supplemental jurisdiction under the

4 state law claims pursuant to 28 U.S.C. § 1367 because those claims are related such that they form

5 part of the same case and controversy under Article III of the United States Constitution.  Venue is

6 proper in this court pursuant to 28 U.S.C. § 1391(b) because ULTA resides in the numerous cities

7 throughout the Eastern District California.  Plaintiffs hereby demand a jury trial.

8 **GENERAL ALLEGATIONS**

9 7.      ULTA is one of largest beauty retailers in the United States.  Besides selling beauty

10 products, ULTA stores also offer a full-service salon.

11 8.      Ms. Kabasele worked for ULTA from around June 2019 through March 2021 in San

12 Ramon, California.

13 9.      Throughout her employment, Ms. Kabasele was an hourly, non-exempt employee.

14 10.     As such, Ms. Kabasele was eligible fore and at times worked overtime.

15 11.     Ms. Kabasele and ULTA's other non-exempt employees were eligible for and at

16 times received non-discretionary bonuses, commissions, and other items of compensation.

17 12.     ULTA failed to properly calculate and pay the overtime wages owed to Ms.

18 Kabasele and its other non-exempt employees.

19 13.     Specifically, ULTA failed to include commissions, non-discretionary bonuses and

20 other items of compensation when determining the regular rate of pay of Ms. Kabasele and its

21 other non-exempt employees for purposes of overtime.

22 14.     For example, during the pay period of March 8, 2020, through March 21, 2020, Ms.

23 Kabasele received a non-discretionary bonus, designated as "NtrlDst Emerg", of $630.13 and

24 worked overtime.  See **Exhibit 1**[1].

25

26

27 [1] Exhibit 1 is incorporated by this reference as though fully set forth herein.  Some Exhibits have been reduced and/or redacted due to their size and content.

28

15.     Pursuant to its uniform policy and practice, ULTA failed to properly calculate Ms. Kabasele's regular rate of pay for purposes of overtime and instead paid her at 1.5 times her base rate of pay.  See **Exhibit 1**.

16.     ULTA was, at all times relevant herein, aware of the requirement to factor these non-discretionary bonuses, commissions, and other items of compensation into its non-exempt employees' regular rate of pay for purposes of overtime rates.

17.     Ms. Kabasele and ULTA's other non-exempt California employees were also entitled to sick pay.

18.     Any sick pay used appeared on their wage statements as "Sick".  See **Exhibit 1**.

19.     Pursuant to its uniform policy and practice, ULTA failed to include commissions, non-discretionary bonuses and other items of compensation when determining Ms. Kabasele and its other non-exempt California employees' regular rate of pay for purposes of sick pay.  See **Exhibit 1**.

20.     Ms. Kabasele and ULTA's other non-exempt California employees were not consistently authorized or permitted to take meal and rest breaks as require by California law.

21.     ULTA required Ms. Kabasele and its other non-exempt California employees to work through meal and rest breaks due to understaffing and work demands.

22.     On the occasions that Ms. Kabasele and ULTA's other non-exempt California were able to take their meal breaks, they routinely occurred after 5 hours of work.

23.     Further, ULTA frequently failed to relieve Ms. Kabasele and its other non-exempt California of employer control during their meal and rest breaks.

24.     When Ms. Kabasele and ULTA's other non-exempt California were not provided compliant meal and rest breaks, ULTA did not pay premiums as required by California law. Specifically, ULTA either (a) failed to pay the premiums in their entirety or (b) paid the premium(s) only at its employees' base rate of pay rather than their regular rate of pay, without accounting for non-discretionary bonuses, commissions, and/or other items of compensation.

25.     Because of the violations set forth above, and as evidenced in the samples of Ms. Kabasele's wage statements attached hereto as **Exhibit 1,** the wage statements furnished by ULTA violated California Labor Code section 226(a) insofar as they failed to accurately show:

      a.    The gross wages earned, in violation of section 226(a)(1);

      b.    The total number of hours worked by the employee, in violation of section 226(a)(2);

      c.    The net wages earned, in violation of section 226(a)(5); and

      d.    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

26.     Separate and apart from the foregoing, the wage statements furnished to Ms. Kabasele and its other non-exempt California employees inaccurately listed their "Net Pay" as $0.00 during pay periods in which they earned compensation in violation of Labor Code section 226(a)(5).  See **Exhibit 1**.

27.     ULTA was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

28.     ULTA has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

29.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to comply with California Labor Code section 226(a).

30.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by ULTA.

31.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

32.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, were unable to promptly and easily determine the total number of hours they worked from the wage statements furnished by ULTA.

33.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the total number of hours worked by the employee in violation of California Labor Code section 226(a)(2).

34.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by ULTA.

35.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by the employee in violation of California Labor Code section 226(a)(5).

36.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by ULTA.

37.     Ms. Kabasele and ULTA's other non-exempt California Employees, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of California Labor Code section 226(a)(9).

38.     Ms. Kabasele's employment with ULTA ended on or around March 2021. However, to date she has not been paid all wages due and owing, including but not limited to overtime and sick pay at the correct rate of pay and premium pay for missed meal and rest periods (at the correct "regular rate of pay"), *supra.*

39.     Because ULTA fails to pay its non-exempt California employees overtime and sick pay at the correct rate of pay, and because they are not provided compliant meal and rest breaks, or the premiums associated with missing the same, they are not timely paid all wages due and owing to them during each pay period and at the end of their employment.

40.     From at least four years prior to the filing of this action, ULTA has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to pay its non-exempt California employees overtime and sick pay at the correct rate of pay, as well as failing to pay premiums for missed meal and rest breaks when due and at the "regular rate of compensation".

**COLLECTIVE ACTION ALLEGATIONS**

41.     Plaintiff seeks to maintain her first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime are similarly situated in that Defendants failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as her own in bringing this action.  These similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

/ / /

/ / /

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

42. Plaintiff seeks to maintain this action as a class action as to the First through Seventh Causes of Action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class which Plaintiff seeks to represent consists of the following:

a. All current and former non-exempt employees of ULTA who received commissions, non-discretionary bonuses, and/or other items of compensation and worked overtime during one or more pay periods from September 10, 2018 through the date of final judgment (the "Regular Rate Class");

b. All current and former non-exempt California employees of ULTA who received commissions, non-discretionary bonuses, and/or other items of compensation and worked overtime during one or more pay periods from September 10, 2017 through the date of final judgment (the "California Regular Rate Class");

c. All current and former non-exempt California employees of ULTA who worked one or more shift of longer than five hours from September 10, 2018 through the date of final judgment (the "Meal Break Class");

d. All current and former non-exempt California employees of ULTA who worked one or more shift of longer than three and one-half hours rom September 10, 2018 through the date of final judgment (the "Rest Break Class");

e. All current and former non-exempt California employees of ULTA who received commissions, non-discretionary bonuses and/or other items of compensation and used sick leave during one or more pay periods from September 10, 2018 through the date of final judgment (the "Sick Pay Class")

  f.  All current and former non-exempt California employees who were issued a wage statement therefor from September 10, 2020 through the date of final judgment (the "Wage Statement Class"); and

  g.  All members of California Regular Rate Class, Meal Break Class, Rest Break Class, or Sick Pay Class whose employment with ULTA ended, at any time from September 10, 2018 through the date of final judgment (the "Waiting Time Penalty Class").

The Regular Rate Class, California Regular Rate Class, Meal Break Class, Rest Break Class, the Wage Statement Class, and the Waiting Time Penalty Class are collectively referred to as the Class.

43.  The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

44.  This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

45.  There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants' uniform: (a) failure to properly calculate and pay of the "regular rate of pay" of its non-exempt employees for purposes of overtime and sick pay; (b) failure to provide compliant meal and rest breaks or to properly calculate and pay the premiums associated therewith; (c) failure to provide accurate itemized wage statements; and (d) failure to pay all wages due and owing at the end of its employees' employment.

46.    Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

a.    Whether Defendants miscalculated the "regular rate of pay" of their non-exempt employees for purposes of overtime pay;

b.    Whether Defendants miscalculated the "regular rate of pay" of their non-exempt California employees for purposes of overtime pay;

c.    Whether Defendants miscalculated the "regular rate of pay" of their non-exempt California employees for purposes of sick pay;

d.    Whether Defendants provided compliant meal and rest breaks to the non-exempt California employees;

e.    Whether Defendants paid all premiums owed to their non-exempt California employees for noncompliant meal and rest periods;

f.    Whether any premiums paid by Defendants to their non-exempt California employees for noncompliant meal and rest periods, ere paid at the base hourly rate or the "regular rate of compensation";

g.    Whether Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining their non-exempt California employees' "regular rate of compensation" for purposes of meal and rest break premiums;

h.    Whether the wage statements Defendants furnished to their California Salon Professionals comply with Labor Code section 226, subdivisions (a)(1), (2), (3), (5), and (9);

i.    Whether Defendants properly paid their non-exempt California employees all wages due and owing upon separation of employment, in accordance with Labor Code section 203;

j.    Whether the alleged violations constitute unfair business practices;

k.     Whether the Class is entitled to injunctive relief; and

l.     Whether the Class is entitled to unpaid wages, statutory penalties, civil penalties, and/or restitutionary relief, and the amount of the same.

47.     Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

48.     The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

49.     Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

50.     A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

51.     Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the

Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

52.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**
**[Cal. Lab. Code §§ 510 and 1198]**
**Against Defendants**

53.     Ms. Kabasele hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

54.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

55.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

56.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

57.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

58.     During the relevant time period, Ms. Kabasele and Defendants' other non-exempt employees regularly worked overtime.

59.     During the relevant time period, Defendants intentionally and willfully failed to properly calculate and pay overtime wages due to Ms. Kabasele and its other non-exempt employees.

60.     Wherefore, Ms. Kabasele and the other members of the Regular Rate Class and California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Sick Pay**
**[Cal. Lab. Code §§ 218, 233, 246 et seq.]**
**Against Defendants**

61.     Ms. Kabasele hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

62.     Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

63.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift differentials, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

64.     During the relevant time period, Defendants failed to include commissions, incentive payments, non-discretionary bonuses, and/or other items of compensation when determining the "regular rate of pay" for Smith and their other non-exempt California employees for purposes of sick time pay.

65.     According to the California Supreme Court, sick pay is a form of wages.  *Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.

66.     Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

67.     During the relevant time period, Defendants also intentionally and willfully failed to pay Ms. Kabalese and the other members of the Sick Pay Class their sick pay at the rate of pay required by law.

68.     Accordingly, Ms. Kabalese and the other members of the Sick Pay Class did not receive the full amount of paid sick time that they were entitled to receive by law, and were therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

69.     Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys' fees and costs.  Labor Code §233(d), (e).

70.     Further, Labor Code section 218 authorizes a private right of action to recover unpaid wages.

71.     Wherefore, Ms. Kabalese and the other members of the Sick Pay Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal Breaks**
**[Cal. Lab. Code §§ 226.7, 512 and the IWC Wage Orders]**
**Against Defendants**

72.     Ms. Kabasele hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

73.    Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission.  It states:

    a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

74.    Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived

75.    Per the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC"), if an employer fails to provide a meal or rest or recovery period in accordance with an order of the IWC, the employer shall pay the employee one additional hour of "premium" pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.  Labor Code § 226.7, Cal. Code Regs., tit. 8, § 11020, subds. 11(D), 12(B).

76.    "Regular rate of compensation", for purposes of premium pay for missed or otherwise noncompliant meal and rest periods, includes not only the employee's regular hourly

rate, but also all other items of remuneration, including commissions.  See *Studley v. Alliance Healthcare Services, Inc.* (C.D. Cal. 2012) 201 WL 12286522, * 1 (holding that "regular rate of pay" [for overtime calculation purposes] and "regular rate of compensation" [for premium pay calculation purposes] are interchangeable).

77.     As set forth above, Ms. Kabasele and the other members of the Meal Break Class were not provided complaint meal breaks.

78.     Further, and as set forth above, even when Ms. Kabasele and the other members of the Meal Period Class were compensated for noncompliant meal breaks, they were compensated only with an hour's pay at their regular hourly rate, *not* at their "regular rate of compensation", accounting for commissions, non-discretionary bonuses, and/or other items of compensation.

79.     Wherefore, Ms. Kabasele and the other members of the Meal Break Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks**
**[Cal. Lab. Code §§ 226.7, 512 and the IWC Orders]**
**Against Defendants**

80.     Ms. Kabasele hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

81.     Labor Code § 226.7 requires employers to provide employees rest breaks as mandated by Order of the Industrial Welfare Commission.  It states:

a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the

employee's regular rate of compensation for each work day that the meal or rest period is not provided.

82.     The applicable Wage Order(s) provides that every "employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…"  The applicable Wage Order further provides that "[i]f an employer fails to provide an employee rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

83.     Per the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC"), if an employer fails to provide a meal or rest or recovery period in accordance with an order of the IWC, the employer shall pay the employee one additional hour of "premium" pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.  Labor Code § 226.7, Cal. Code Regs., tit. 8, § 11020, subds. 11(D), 12(B).

84.     "Regular rate of compensation", for purposes of premium pay for missed or otherwise noncompliant meal and rest periods, includes not only the employee's regular hourly rate, but also all other items of remuneration, including commissions.  See *Studley v. Alliance Healthcare Services, Inc.* (C.D. Cal. 2012) 201 WL 12286522, * 1 (holding that "regular rate of pay" [for overtime calculation purposes] and "regular rate of compensation" [for premium pay calculation purposes] are interchangeable).

85.     As set forth above, Ms. Kabasele and the other members of the Rest Break Class were not provided complaint rest breaks.

86.     Further, and as set forth above, even when Ms. Kabasele and the other members of the Rest Period Class were compensated for noncompliant rest breaks, they were compensated only

with an hour's pay at their regular hourly rate, *not* at their "regular rate of compensation",

accounting for commissions, non-discretionary bonuses, and/or other items of compensation.

87.   Wherefore, Ms. Kabalese and the other members of the Rest Break Class have been

injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Lab. Code § 226]**
**Against Defendants**

88.   Ms. Kabalese hereby realleges and incorporates by reference each and every

allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent

with the allegations of this cause of action.

89.   Pursuant to California Labor Code section 226(a) "every employer shall,

semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

when the wages are paid by personal check or cash, an accurate itemized statement in writing

showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

employee is paid, (7) the name of the employee and only the last four digits of his or her social

security number or an employee identification number, (8) the name and address of the legal entity

that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and

corresponding number of hours worked at each hourly rate by the employee and, if the employer is

a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary

services assignment."

90.   An employee suffering injury as a result of the knowing and intentional failure by

an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all

actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed

1  the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

2  reasonable attorney's fees.  Labor Code § 226(e)(1).

3        91.      An employee is deemed to suffer injury if the employer fails to provide a wage

4  statement or if the employer fails to provide accurate and complete information as required by any

5  one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly

6  and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the

7  employee during the pay period or any of the other information required to be provided pursuant to

8  Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the

9  employer, iii) the name and address of the employer and iv) the name of the employee and the last

10 four digits of his or her social security number or employee identification number.  Labor Code §

11 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would

12 be able to readily ascertain the information without reference to other documents or information.

13 Labor Code § 226(e)(2)(C).

14       92.      As set forth above, Defendants intentionally and willfully failed to furnish accurate

15 itemized wage statements which complied with Labor Code section 226.

16       93.      Wherefore, Ms. Kabalese and the other members of the Wage Statement Class have

17 been injured as set forth above and request relief as hereafter provided.

18                       **<u>SIXTH CAUSE OF ACTION</u>**
   **Failure to Pay All Wages Due Upon Cessation of Employment**
19                   **[Cal. Lab. Code § 201, *et seq*.]**
                       **Against Defendnats**
20

21       94.      Ms. Kabalese hereby realleges and incorporates by reference each and every

22 allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent

23 with the allegations of this cause of action.

24       95.      Labor Code section 201 requires an employer to pay an employee all wages earned

25 and unpaid at the employer discharges the employee.

26       96.      Labor Code section 202 requires an employer to pay the employee all wages due no

27 later than 72 hours after the employee quits his or her employment.

28

97.     Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

98.     During the relevant time period, Defendants failed to pay Ms. Kabalese and the other members of the Waiting Time Penalty Class all earned but unpaid wages at discharge.

99.     Wherefore, Ms. Kabalese and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

**SEVENTH CAUSE OF ACTION**
**Unfair Business Practices**
**[Cal. Bus. & Prof. Code § 17200 *et seq.*]**
**Against Defendants**

100.     Ms. Kabalese hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

101.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et. seq*), and include, but are not limited to failing to properly calculate and pay the overtime and sick pay owed to thier non-exempt California employees, failing to pay all premiums owed to their non-exempt California Employees pay for noncompliant meal and rest breaks, and failing to pay those premiums they did pay at the "regular rate of compensation", accounting for commissions, non-discretionary bonuses, and other items of compensation.

102.     Wherefore, Plaintiff and the other members of the California Regular Rate Class, the Sick Pay Class, the Meal Break Class, and the Rest Break Class have been damaged as set forth above and request relief as hereafter provided.

/ / /

/ / /

Class and Collective Action Complaint
Page 20 of 21

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Seventh Causes of Action:**

1.    That this Court certify the Class;

2.    That this Court appoint Plaintiff as the representative of the Class;

3.    That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.    That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5.    That this Court award injunctive relief, including that available under Labor Code section 226(h) and 248.5(e), as well as Business and Professions Code Section 17203;

6.    That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 203, 226, 226.7, and 1194.2, as well as 29 U.S.C. § 216;

7.    That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5, 226(e)(1), 248.5(e), 1194, and 2802, 29 U.S.C. § 216, as well as Code of Civil Procedure section 1021.5;

8.    That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.    That this Court award such other and further relief as the court deems just and proper.


**DATED:**  September 10, 2021                    **MAYALL HURLEY P.C.**


By_____*/s/ Robert J. Wasserman*_____
                 ROBERT J. WASSERMAN
                 WILLIAM J. GORHAM, III
                 NICHOLAS J. SCARDIGLI
                 Attorneys for Plaintiff and the Putative Class