UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DORCAS-COTHY KABASELE, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,<br><br>        Defendants. | No. 2:21-cv-01639-WBS-CKD<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISMISS SECOND</u><br><u>AMENDED COMPLAINT</u> |

----oo0oo----

Plaintiff Dorcas-Cothy Kabasele brought this putative class action against defendant Ulta Salon, Cosmetics & Fragrance, Inc., alleging various violations of the California Labor and Business and Professions Code (see 2d Am. Compl. ("SAC") (Docket No. 13).) Plaintiff was a non-exempt, hourly employee at one of defendant's stores in San Ramon, California from June 2019 to March 2021. (SAC ¶¶ 8-9.) The SAC contains five "causes of action" based upon: (1) failure to provide meal breaks, Cal. Lab.

1

1  Code §§ 226.7, 512; (2) failure to provide rest breaks, id. §§
2  226.7, 512; (3) failure to pay all wages due upon cessation of
3  employment, id. §§ 201 et seq.; (4) violations of California's
4  Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.;
5  and (5) violation of the Private Attorney General Act (PAGA),
6  Cal. Lab. Code §§ 2698, et seq.  Defendant has moved to dismiss
7  plaintiff's SAC in its entirety for failure to state a claim
8  under Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 14.)
9  I.   DISCUSSION
10       A.   Claim One & Two: Failure to Provide Meal Breaks
11            An employer must provide a 30-minute meal break for an
12 employee who works more than five hours, except if the total work
13 period is six hours then it may be waived by mutual consent of
14 the employee and employer.  Cal. Lab. Code § 512(a).  An employer
15 must also provide its employees rest breaks at the rate of ten
16 minutes per four hours of work (or major fraction thereof).
17 See Cal. Code Regs., tit. 8, § 11070(12)(A); see also Cal. Lab.
18 Code § 226.7(b).  Under California Labor Code § 226.7(b), "[a]n
19 employer shall not require an employee to work during a meal or
20 rest."
21            The Ninth Circuit has not specifically examined the
22 adequacy of pleadings for meal and rest break violations under
23 California law, but it has determined the sufficiency of
24 pleadings for overtime violations.  Those principles apply here.
25 See Landers v. Quality Commc'ns, Inc, 771 F.3d 638 (9th Cir.
26 2014); Guerrero v. Halliburton Energy Servs, Inc., No. 1:16-CV-
27 13900 LJO JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016)
28 (collecting district court cases applying Landers to meal and

rest period claims).

The court in Landers determined that though plaintiffs are not "expected to allege with mathematical precision the amount of overtime compensation owed . . . they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Landers, 771 F.3d at 646 (quotations omitted). In the meal and rest break context, courts applying Landers require plaintiff to "plead at least one specific instance where he or she personally experienced a missed meal or rest period." Guerrero, 2016 WL 2016 WL 6494296, at *6 (citations omitted); see also Chavez v. RSCR Cal., Inc., No. 2:18-cv-03173 JAM AC, 2019 WL 1367812, at *2 (E.D. Cal. Mar. 26, 2019) (holding that the plaintiff's "failure to plead at least one occasion on which she was impeded from taking a meal or rest break likely runs afoul of" Landers).

Plaintiff fails to identify even one specific occasion when she was deprived of a meal or rest break in compliance with the California Labor Code. Plaintiff states that breaks were not "authorized or permitted . . . as required by California law," or her and other employees were "not provided complaint" meal and rest breaks. (SAC ¶¶ 10, 58, 66). These are conclusory statements, and Plaintiff does not include any allegations that reveal the number of hours plaintiff worked in any single day to determine if a meal or rest break was necessary on any occasion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Krauss v. Wal-Mart,

3

1 Inc., No. 2:19-cv-00838 JAM, 2019 WL 6170770, at *2 (E.D. Cal.
2 Nov. 20, 2019) ("Plaintiff does not sufficiently allege that she
3 worked a shift long enough to trigger meal or rest period
4 obligations.")

5 Plaintiff alleges that any meal breaks that were
6 allowed "routinely occurred after five hours," (SAC ¶ 14), but
7 without addressing whether plaintiff's shifts were only six hours
8 and if there was a mutual agreement to waive the break, plaintiff
9 does not state a plausible claim. Cal. Lab. Code § 512(a) ("[I]f
10 the total work period per day of the employee is no more than six
11 hours, the meal period may be waived by mutual consent of both
12 the employer and employee.)

13 With regard to rest breaks, an employer has an
14 obligation to provide a rest break, and if the employer fails to
15 do so, the employer cannot claim the employee waived the break.
16 See Bradley v. Networkers Int'l, LLC, 211 Cal. App. 4th 1129,
17 1151 (4th Dist. 2012). However, plaintiff's SAC contains only
18 conclusory and vague allegations regarding defendant's failure to
19 meet its obligation to provide rest breaks, stating that she and
20 other employees were "unable to take meal and rest breaks at all
21 because their store was too busy or understaffed." (SAC ¶ 11.)
22 Defendant allegedly "failed to relieve [plaintiff and other
23 employees] of employer control during their meal and rest
24 breaks," and "breaks were often interrupted, and they were
25 required to return back to work early due to understaffing and
26 work demands." (Id. ¶¶ 12-13.)

27 The SAC fails to allege how the busy and understaffed
28 nature of the store manifested in lost meal and rest breaks.

4

1  Plaintiff fails to describe whether breaks were not given through
2  explicit instruction or implicitly due to the busy and
3  understaffed nature of the store.  See Morales v. Amazon.com,
4  LLC, No. 2:17-cv-1981, 2018 WL 3636888, at *2 (C.D. Cal. July 30,
5  2018) ("A broad conclusory statement that workload and pressure
6  required employees to work through their breaks is not enough to
7  establish that Defendants violated the California Labor Code.")
8       The court cannot assume why plaintiff's breaks were
9  interrupted, even "drawing all reasonable inferences in
10 plaintiff's favor."  See Ashcroft, 556 U.S. at 678.  Plaintiff
11 does not include factual allegations to describe what defendant
12 actually told her or did to impede or discourage breaks, if
13 anything.  See Krauss, 2019 WL 6170770, at *2 ("Plaintiff fails
14 to describe what Walmart actually told her or did to interfere
15 with meal periods"); Chavez, 2019 WL 1367812, at *2 (holding the
16 same); Morrelli v. Corizon Health, Inc., No. 1:18-cv-01395 LJO
17 SAB, 2018 WL 6201950, at *3 (E.D Cal. Nov. 28, 2018) (plaintiff
18 did not allege facts "showing what types of controls or
19 restrictions precluded Plaintiffs from taking meal and rest
20 breaks"); but see Reed v. AutoNation, Inc., No. CV 16-08916-BRO,
21 2017 WL 6940519, at *4 (C.D. Cal. Apr. 20, 2017) (denying motion
22 to dismiss in part because plaintiff's allegations included that
23 "when he was on his break, a manager would often ask him to
24 assist a customer, causing him to cut his break short and
25 requiring him to work while still clocked out").
26      Accordingly, plaintiff's first and second claim for
27 defendant's failure to provide meal and rest breaks will be
28 dismissed.

        B.    <u>Claim Three: Failure to Pay all Wages due Upon Cessation of Employment</u>

Plaintiff's third claim alleges that she and other former employees are entitled to waiting time penalties under California Labor Code § 203 for premium pay of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . is not provided," pursuant to Cal. Lab. Code § 226.7(c).  (SAC ¶¶ 69-74.)  Because defendant did not pay the premium pay to plaintiff upon discharge, plaintiff argues she is entitled to waiting time penalties.

However, as discussed above, the meal and rest break claims will be dismissed.  Because plaintiff's claim for waiting time penalties is derivative of the above dismissed claims, it will also be dismissed.

        C.    <u>Claim Four: Violation of Unfair Competition Law</u>

Plaintiff's fourth claim alleges that the above-described statutory violations are unfair business practices, as defined by the California Business and Professions Code § 17200.  As discussed above, the underlying statutory violations will be dismissed, and therefore, plaintiff's Unfair Competition Law claim will also be dismissed.

        D.    <u>Claim Five: PAGA Claims for Labor Code Violations</u>

PAGA authorizes employees to recover civil penalties for violations of the California Labor Code "as the proxy or agent of the state's labor law enforcement agencies."  <u>Kim v. Reins Int'l Cal., Inc.</u>, 9 Cal. 5th 73, 82 (Cal. 2020) (emphasis

and citations omitted).  Only an "aggrieved employee," or a person "who was employed by the alleged violator and against whom one or more of the alleged violations was committed" may serve as the state's representative in a PAGA action.  Id. (quoting Cal. Labor Code § 2699(c)).

Plaintiff has brought claims under PAGA for violations of the California Labor Code.  (SAC ¶¶ 45, 81.)  Plaintiff alleges that defendant "failed to include commissions, non-discretionary bonuses, and other items of compensation when determining the aggrieved employees' regular rate of pay for purposes of overtime, meal and rest break premiums, and sick pay" and furnished inaccurate wage statements.  (SAC ¶¶ 38, 43.) Plaintiff alleges that "Aggrieved Employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation" which were "[p]ursuant to [defendant's] uniform policy and practice" not included when determining the regular rate of pay and employees were rather paid according to their base rate of pay for overtime and sick pay.  (SAC ¶¶ 37-41.)

However, the SAC provides no details about the "policy and practice," nor which bonuses, commissions, and other items of compensation were given to plaintiff that should have been included in the rate of pay.  See Nichols v. Smart Document Sols., LLC, No. SACV 08-0569 DOC, 2008 WL 11339982, at *2 (C.D. Cal. July 7, 2008) (dismissing plaintiff's complaint because it "merely identifies a set of 'unlawful' policies, which allegedly deprived plaintiffs of breaks, compensation, and reimbursement" and does not identify the "details"); Johnson v. Winco Foods,

7

LLC, No. ED CV 17-2288 DOC, 2018 WL 6017012, at *12 (C.D. Cal. Apr. 2, 2018) (dismissing claim for failure to pay overtime wages in part because "plaintiff does not allege any particular facts or circumstances under which plaintiff or other class members were given differential pay, incentive pay, and or non-discretionary bonuses, which should have been calculated into their overtime rate").

Plaintiff argues that "whether or not plaintiff specifically identifies the nature of the bonuses is irrelevant, as there is no dispute that a commission must be included." (Pl.'s Opp'n at 13). But nowhere in her SAC does plaintiff identify any commission that should have been included beyond stating that "the aggrieved employees were eligible for and at times received . . . commissions." (SAC ¶ 37.) Plaintiff alleges her claim in a general and conclusory manner, which is insufficient to state a PAGA claim to the extent it relies on a regular rate of pay theory of liability. See Ashcroft, 556 U.S. at 678.

Finally, plaintiff alleges that the wage statements furnished to her and other aggrieved employees inaccurately stated the gross and net wages earned. Plaintiff argues these wages are inaccurately stated in part because defendant failed to pay meal and rest period premiums. (Pl.'s Opp'n at 12.) As discussed above, the underlying meal and rest periods claims will be dismissed, and therefore, the wage statement claims which are derivative of those claims will also be dismissed. Plaintiff does not sufficiently allege facts to support any other theory for the inaccurate wage statement claim, but only makes

conclusory statements regarding the subsections of § 226 that were violated.  (SAC ¶ 43.)  Plaintiff has not sufficiently alleged a PAGA claim based on inaccurate wage statements.

Plaintiff's fifth claim under PAGA for violations of the California Labor Code will therefore be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's second amended complaint (Docket No. 14) be, and the same hereby, is GRANTED.  Plaintiff has twenty days from the date of this Order to file a third amended complaint, if she can do so consistent with this Order.

Dated:  January 26, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE