UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DORCAS-COTHY KABASELE, an individual,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,<br><br>        Defendant. | No. 2:21-cv-01639 WBS CKD<br><br>ORDER |

----oo0oo----

A hearing on this unopposed motion for preliminary approval of class settlement was held on March 6, 2023. During oral argument, plaintiff's counsel identified an error in the briefing, which indicated that there were approximately 118,000 putative class members. In actuality, there are approximately

---

[1] Although the caption on the operative complaint refers to plaintiff only as "an individual," plaintiff asserts claims both individually and on behalf of similarly situated Ulta employees.

1

1  18,000 putative class members.  Because the court had based its
2  initial review of the motion on the incorrect assumption of
3  118,000 class members, the court declined to hear further oral
4  argument at that time.  The court now explains its concerns based
5  on the corrected number of class members and the briefing
6  provided thus far.
7           Plaintiff's counsel's estimate of the maximum possible
8  value of the class claims is $26,379,927.  (See Decl. of Robert
9  J. Wasserman ("Wassmerman Decl.") (Docket No. 34-2) ¶ 13.)
10 Counsel estimates an additional $8,950,000 in PAGA penalties.
11 (Id. ¶ 41.)  The combined estimated value of the wage and hour
12 and PAGA claims is $35,329,927.  Although counsel explains some
13 of the assumptions used in certain calculations, the figures
14 provided are largely conclusory.
15          Plaintiff's counsel next discusses defendant's
16 potential arguments and defenses.  (See id. ¶¶ 30-38.)  Based on
17 the weaknesses of the case, plaintiff's counsel provides a
18 discounted, "realistic" value of the claims.  Counsel discounts
19 the minimum wage, overtime, and business reimbursement claims by
20 50%; and the unpaid meal and rest break premium, wage statement,
21 and waiting time claims by 75%.  (Id. ¶ 27.)  Counsel's
22 discounted calculations result in a total of $7,474,362 in
23 "realistic" recovery, or 28% of the maximum possible recovery.
24 (See id.)  Counsel then makes the leap from $7,474,362 in
25 "realistic" recovery to the gross settlement amount of
26 $1,500,000.  Counsel relies on the same explanations, such as
27 they are, relating to defendant's potential defenses and
28 arguments and the risks of litigation, but otherwise does not

explain what calculations or reasoning were used to arrive at this figure.  (See id. ¶¶ 28, 39.)

The gross settlement amount of $1,500,000 constitutes only 4.2% of the estimated maximum recovery.[2]  Even looking solely at the non-PAGA portion of the settlement, the gross settlement amount constitutes 5.5% of the estimated maximum damages for the wage and hour claims.[3]  Both percentages are lower than is typically approved, and therefore give the court pause, particularly in light of the conclusory explanations offered by counsel.  See Cavazos v. Salas Concrete, Inc., No. 1:19-cv-00062 DAD EPG, 2022 WL 2918361, at *6 (E.D. Cal. July 25, 2022) (collecting cases) (noting that settlement constituting 5.8% of maximum exposure was "below the general range of percentage recoveries that California courts--including this one--have found to be reasonable," but granting preliminary approval because "a larger recovery . . . would likely not be possible due to defendant's financial condition"); Almanzar v. Home Depot U.S.A., Inc., No. 2:20-cv-0699 KJN, 2022 WL 2817435, at *12 (E.D. Cal. July 19, 2022) (denying preliminary approval because proposed settlement including 8% of projected value of non-PAGA wage and hour claims was below the range typically approved and plaintiff needed to "better explain the reasonableness" of the proposed recovery); Hunt v. VEP Healthcare, Inc., No. 16-cv-04790 VC, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22, 2017) (denying

---

[2]  This figure results from $1,500,000 divided by $35,329,927.

[3]  This figure results from $1,450,000 divided by $26,379,927.

3

1   preliminary approval of settlement constituting 4.3% of maximum
2   possible exposure, noting that "[i]f a defendant is to receive a
3   discount of this magnitude, there must be good reasons why,"
4   which "must be explained thoroughly at the preliminary approval
5   stage . . . to allow the district court to carefully evaluate the
6   strength of the claims, the risks of litigating those claims all
7   the way through, and the value of the relief each class member
8   will receive from the settlement"); O'Connor v. Uber Techs.,
9   Inc., 201 F. Supp. 3d 1110, 1129, 1132, 1132 n.18, 1135 (N.D.
10  Cal. 2016) (collecting cases) (denying preliminary approval of
11  settlement constituting 5% of the value of all claims and 10% of
12  the value of non-PAGA wage and hour claims, which was on "the low
13  end of reasonable recovery"); Balderas v. Massage Envy
14  Franchising, LLC, No. 12-cv-06327 NC, 2014 WL 3610945, at *5
15  (N.D. Cal. July 21, 2014) (collecting cases) (because gross
16  settlement amount constituting 8% of the maximum possible
17  recovery was "especially low," the court stated that counsel
18  needed to provide additional explanation for the settlement
19  amount at final approval).
20          As counsel has not provided any meaningful explanation
21  or supporting data for his calculation of defendant's maximum
22  possible exposure, the court has no means of evaluating that
23  estimate for purposes of approval.  While counsel attempts to
24  explain the reasoning behind counsel's two discounted
25  calculations, counsel does not sufficiently "evaluate the
26  strength or weakness of defendants' positions."  See Eddings v.
27  DS Servs. of Am., Inc., No. 15-cv-02576 VC, 2016 WL 3390477, at
28  *1 (N.D. Cal. May 20, 2016); see also Hunt, 2017 WL 3608297, at

*1 (to receive preliminary approval, counsel must provide "careful analysis of the claims and the strength or weakness of any potential defenses").  As such, the court is unable to evaluate whether the steep discounts applied to the claims are reasonable.

"Balancing the class's potential recovery against the amount offered in settlement is perhaps the most important factor to consider in preliminary approval, not a hollow exercise in which the Court blindly accepts the parties' unsupported assertions.'"  Beltran v. Olam Spices & Vegetables, Inc., No. 1:18-cv-01676 SAB, 2020 WL 2850211, at *8 (E.D. Cal. June 2, 2020) (quoting Haralson v. U.S. Aviation Servs. Corp., 383 F. Supp. 3d 959, 970 (N.D. Cal. 2019)).  Accordingly, the court requires more information to assess whether the proposed settlement is fair, reasonable, and adequate for purposes of preliminary approval.

IT IS THEREFORE ORDERED that counsel on both sides shall simultaneously submit supplemental briefing addressing the above concerns on or before April 7, 2023.  A further hearing will be held on April 17, 2023 at 1:30 p.m. in Courtroom 5.

Dated:  March 14, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE